```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT


------------------------------x
                              :
EMIL D. ANGHEL,               :
                              :
        Plaintiff,            :
                              :
v.                            :  Civil No.3:03CV00864(AWT)
                              :
SAINT FRANCIS HOSPITAL AND    :
MEDICAL CENTER,               :
                              :
        Defendant.            :
                              :
------------------------------x
```

**RULING ON CERTAIN PENDING MOTIONS**

**I.   Motion for Reconsideration (Doc. No. 101)**

The plaintiff moves this court to reconsider its ruling on the defendant's Motion For Modification of the Scheduling Order (Doc. No. 90). In support of this motion, the plaintiff fails to point to any controlling cases or data that the court overlooked in granting the defendant's motion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, there is no basis for reconsideration of the ruling.

**II.  Request to Clerk to Vacate Motion (Doc. No. 102)**

The plaintiff moves to vacate his Motion to File Opposition Out of Time (Doc. No. 97). The motion that the plaintiff seeks to have stricken from the docket was properly filed, and there is no basis upon which to strike it. The court notes that the plaintiff's papers in support of his motion, contain inaccuracies and

mischaracterizations with respect to his interactions with the court and court personnel. Consequently, all future dealings between the plaintiff and the court must be on the record, i.e., in papers filed with the Clerk's Office, in the courtroom or during telephonic conferences held on the record.

### III. <u>Motion for Clarification</u> (Doc. No. 103)

The plaintiff's Request for Articulation was properly docketed as a Motion for Clarification. The plaintiff requests that the court provide a detailed explanation of its decision to grant the defendant's Motion For Modification of the Scheduling Order (Doc. No. 90). In granting the defendant's motion, the court concluded that the defendant had shown that it could not reasonably meet the discovery deadline despite its diligent effort to do so. <u>See</u> D. Conn. Loc. R. Civ. P. 7(b)2. The court considered the fact that at the time the defendant filed its motion, the parties had various motions to compel discovery pending before United States Magistrate Judge Martinez.

### IV. <u>Motion for Clarification</u> (Doc. No. 104)

The plaintiff's request for articulation was properly docketed as a Motion for Clarification. The plaintiff requests that the court provide a detailed explanation of its decision to deny the plaintiff's Motion to Strike Defendant's Motion For Modification of the Scheduling Order (Doc. No. 99). In denying the plaintiff's motion to strike, the court concluded, <u>inter</u>

<u>alia</u>, that, contrary to the plaintiff's contentions, the defendant had properly served the plaintiff with a certified copy of its pleading.

Accordingly, the plaintiff's Motion for Reconsideration (Doc. No. 101) is hereby DENIED.  The plaintiff's Motions for Clarification (Doc. Nos. 103 and 104) are hereby GRANTED.  The plaintiff's Request to Clerk to Vacate Motion (Doc. No. 104) is hereby DENIED.

It is so ordered.

Dated this 6th day of February 2006 at Hartford, Connecticut.

                                                    /s/
                                Alvin W. Thompson
                     United States District Judge