```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------x
                              :
EMIL D. ANGHEL,               :
                              :
          Plaintiff,          :
                              :
v.                            : Civil No.3:03CV00864(AWT)
                              :
SAINT FRANCIS HOSPITAL AND    :
MEDICAL CENTER,               :
                              :
          Defendant.          :
                              :
------------------------------x
```

**RULING ON MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the plaintiff's Motion for Appointment of Counsel (Doc. No. 61) is being denied.

The Second Circuit has cautioned district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff's prior motion for appointment of counsel (Doc. No. 20) was denied on October 29, 2003 by U.S. Magistrate Judge Martinez. See Doc. No. 23. In denying the plaintiff's motion, Judge

Martinez concluded that the plaintiff had been unable to obtain legal assistance on his own.  Id.  In the instant motion, the plaintiff identifies three attorneys he has asked to represent him since he filed his prior motion; each has refused.  In addition to those three attorneys, the plaintiff states that he has contacted "a dozen more" without being able to secure representation.  Thus, the court concludes that the plaintiff has demonstrated that he is unable to obtain legal assistance.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."  Hodge, 802 F.2d at 61.  In Cooper, the Second Circuit reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

In this case, the plaintiff seeks money damages for alleged violation of his constitutional rights, discrimination based on national origin and various state law claims, including intentional infliction of emotional distress and defamation.  Although the court makes no decision on the ultimate merits of this action, it concludes based on the current state of the record that the appointment of counsel is not warranted, because it is not apparent at present how the plaintiff's

claim could pass the test of likely merit.

Accordingly, the plaintiff's Motion for Appointment of Counsel (Doc. No. 61) is hereby DENIED, without prejudice to renewal if this case progresses past the stage of the defendant's motion for summary judgment.  Any renewal of this motion shall include a summary of additional attempts to obtain legal representation including the names of the attorneys the plaintiff contacted, the dates upon which he contacted the attorneys and the reasons why assistance was not provided.

It is so ordered.

Dated this 1st day of March 2006 at Hartford, Connecticut.

              ____/s/____
              Alvin W. Thompson
           United States District Judge